UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


GERALD STOVES                                    CIVIL ACTION

VERSUS                                           NO: 04-2037

STEVE RADER, WARDEN                              SECTION: R(1)



**ORDER AND REASONS**

Before the Court are petitioner Gerald Stove's motion to reopen his application for habeas corpus and his motion for leave to amend his petition. (R. Doc. 12 and 13). For the following reasons, the Court DENIES petitioner's motions.


**I.    Procedural Background**

Petitioner Gerald Stoves is a Louisiana state prisoner currently incarcerated at Dixon Correctional Institute in Jackson, Louisiana. In July 2001, Stoves was convicted of armed robbery. After his conviction, defense counsel filed a motion for a new trial which the trial court denied. The trial court then sentenced Stoves to twenty-five years without parole,

probation, or the potential for suspension of his sentence. Defense counsel moved for reconsideration of Stove's sentence and the trial court denied the motion. Stoves appealed his conviction to the First Circuit Court of Appeal of Louisiana, which affirmed Stove's conviction and sentence on February 14, 2003. The Louisiana Supreme Court subsequently denied Stove's further appeal on October 31, 2003.

On July 15, 2004, petitioner submitted a habeas corpus petition to this Court. Since Stoves had not exhausted his state court remedies at that time, Stoves requested this Court stay the proceedings until he could do so. This Court granted Stove's motion to stay the proceedings on January 24, 2006. (R. Doc. 11). Afterward, Stoves filed his post-conviction relief petition with the 32nd Judicial District of Louisiana. The state court denied the petition on February 13, 2008. Next, Stoves appealed the district court's decision to the First Circuit Court of Appeal of Louisiana. The state court of appeals denied Stove's request on June 9, 2008. On June 30, 2008, petitioner filed a writ of certiorari to the Louisiana Supreme Court which was denied on April 17, 2009. Claiming to have now exhausted his state court remedies, Stoves now requests that this Court reopen his application for habeas corpus and grant his motion for leave to amend that petition.

## II.   Legal Standard

Title 28 U.S.C. § 2254(b)(1)(A) provides that "[a]n application for writ of habeas corpus . . . shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State."  In order to exhaust all state court remedies, "a habeas petitioner must have 'fairly presented' to the state courts the 'substance' of his federal habeas corpus claim."  *Anderson v. Harless*, 459 U.S. 4, 6 (1982). Each claim before the federal court must have been presented in state court or else the federal court should dismiss the habeas petition.  *See Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).  Dismissal of a habeas petition is also appropriate if it contains both exhausted and unexhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 519-20 (1982).

## III. Discussion

In Stove's application for post-conviction relief in state court, he raised the issue of ineffective assistance of counsel in violation of the Sixth Amendment to the U.S. Constitution. Stoves re-raises that issue here, and the Court finds that this claim is properly presented.  However, Stove's new amended petition for habeas corpus relief makes additional allegations. (R. Doc. 13).  Specifically, Stoves claims in addition to

receiving ineffective assistance of counsel, (1) the trial court
committed error in denying his peremptory challenge of a juror
whose son was an assistant district attorney, and (2) the trial
court erred in admitting an inculpatory statement without notice
under the *res gestae* exception. *Id.* Because Stoves failed to
raise both the preemptory challenge issue and the inculpatory
statement issue in the state courts, the claims are not fairly
presented here. *See Whitehead*, 157 F.3d at 387. Only when a
petitioner raises his claims at each level of the state courts in
proper manner are the state courts given "a fair opportunity to
hear and consider the claims raised by an applicant before those
claims are heard in federal court." *Picard v. Connor*, 404 U.S.
270, 275 (1971). Thus, the Court must DENY Stove's motion to
reopen and hereby ORDERS that Stoves choose between returning to
state court to exhaust his claims in their entirety or resubmit
his amended habeas petition so that it presents only exhausted
claims. *See Rose v. Lundy,* 455 U.S. 509, 510 (1982).

## III. Conclusion

For the foregoing reasons, IT IS ORDERED that petitioner's
motion to reopen his application for habeas corpus and motion to
amend his habeas petition are DENIED. If petitioner chooses to
amend his petition to assert only exhausted claims, he must do so

4

no later than 10 days from service of this order.

New Orleans, Louisiana, this 22nd day of September, 2009.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE