UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

GERALD STOVES #446754                 CIVIL ACTION

VERSUS                                        NO: 04-2037

WARDEN JAMES M. LEBLANC            SECTION: R(1)

## ORDER

Before the Court are Gerald Stoves's Petition for a Writ of Habeas Corpus[1] and his objections[2] to the Magistrate Judge's Report and Recommendation that the petition be dismissed with prejudice.[3] The Court, having reviewed *de novo* the petition, the record, the applicable law, the Magistrate Judge's Report and Recommendation, and the petitioner's objections thereto, hereby approves the Magistrate Judge's Report and Recommendation and adopts it as its opinion. Because the Court adopts the Magistrate Judge's finding that the claims made in petitioner's original habeas petition are unmeritorious, it need not address whether those claims were exhausted in state court.[4]

---

[1] R. Doc. 1.

[2] R. Doc. 28.

[3] R. Doc. 25.

[4] *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

Furthermore, Rule 11 of the Rules Governing Section 2254 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."[5] A court may only issue a certificate of appealability if the petitioner makes "a substantial showing of the denial of a constitutional right."[6] In *Miller-El v. Cockrell*, the Supreme Court held that the "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'"[7] With respect to claims denied on procedural grounds, the petitioner must make a two-part showing: (1) that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," and (2) that "jurists of reason would find it

---

[5] RULES GOVERNING SECTION 2254 PROCEEDINGS, Rule 11(a).

[6] 28 U.S.C. § 2253(c)(2); RULES GOVERNING SECTION 2254 PROCEEDINGS, Rule 11(a) (noting that § 2253(c)(2) supplies the controlling standard).

[7] 537 U.S. at 336.

2

debatable whether the petition states a valid claim of the denial of a constitutional right."[8]

Here, Stoves has not made a substantial showing of the denial of a constitutional right. The Magistrate Judge's Report and Recommendation clearly and correctly disposes of each of Stoves' claims. First, Stoves claims ineffective assistance of counsel, but the state court's denial of this claim was not "contrary to, or involved an unreasonable applications of, clearly established Federal law, as determined by the Supreme Court of the United States."[9] As the Magistrate Judge sets out in detail, counsel's tactical decisions were adequately explained and should not be second-guessed based on hindsight. Nor has Stoves demonstrated that he was prejudiced by any deficiencies in his counsel's performance. Second, Stoves claims that there was insufficient evidence to support his conviction, but the state court denied this claim on independent and adequate state law procedural grounds, and Stoves has not made a showing of "cause and prejudice" or of actual innocence. Third, Stoves claims that the trial court erred in denying his challenge for cause of a potential juror, but he made no showing that the juror in question was unwilling or unable to decide the case impartially.

---

[8] *Johnson v. Quarterman*, 483 F.3d 278, 284 (5th Cir. 2007) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

[9] 28 U.S.C. § 2254(d)(1).

Moreover, the juror was removed by peremptory challenge, and Stoves has made no showing that the jury ultimately selected was not impartial. Fourth, Stoves raises an evidentiary claim, but a claim that the state courts misapplied the state law of evidence is generally not reviewable on federal habeas,[10] and the evidence in question was not crucial to Stoves's conviction. Jurists of reason would not find controversy in these determinations.

Accordingly,

Gerald Stoves's petition for a writ of habeas corpus is DISMISSED WITH PREJUDICE. The Court will not issue a certificate of appealability.

**New Orleans, Louisiana, this \_\_\_1st\_\_\_ day of September, 2010.**

_____
**SARAH S. VANCE
UNITED STATES DISTRICT JUDGE**

---

[10] _Little v. Johnson_, 162 F.3d 855, 862 (5th Cir. 1998).